IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ORVILLE WOMACK, | ) |
| Movant, | ) ) ) |
| vs. | ) No. 04-0932-CV-W-SOW ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

ORDER

Before the Court is movant Orville L. Womack's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Doc. #1). For the reasons stated below, movant's motion is denied.

I. Background

On August 7, 2002, a Grand Jury returned a two-count Indictment charging Womack with conspiracy to manufacture and distribute methamphetamine (actual) in an amount of five grams or more, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), all in violation of 21 U.S.C. §846 (Count One) and attempted manufacture of methamphetamine in an amount of five grams or more, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two). Each of these charges carried a statutory sentencing range of not less than five years nor more than forty years of imprisonment.

Movant Womack appeared before this Court on October 31, 2002, and entered a plea of guilty to Count Two of the Indictment. A Rule 11 Plea Agreement was tendered to the Court. Both movant and his attorney signed this Plea Agreement and it was filed with the Court.

Movant has never challenged the voluntariness of his agreement with the government. In

that Plea Agreement, movant agreed "that his sentence will be determined pursuant to the United States Sentencing Guidelines as well as any applicable statutorily mandated sentence." He further agreed that "relevant conduct" would be considered when the sentencing guidelines range was computed.

Movant's Plea Agreement contained the following waiver of appellate and collateral challenge rights:

> 11. The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines. Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. ***The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or sentence in violation of law apart from the Sentencing Guidelines***. However, if the government exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. §3742(a). (emphasis added).

In addition, movant Womack agreed that he was a "career offender." He acknowledged that the applicable base offense level was 34 and that his criminal history category was VI. The resulting Sentencing Guidelines range was 188 to 235 months of imprisonment.

On October 31, 2003, this Court sentenced movant Womack to 235 months of imprisonment. At the sentencing proceedings, the Court found that the total offense level was 31, that movant's criminal history category was VI, and that the sentencing guidelines range was 188 to 235 months of imprisonment.

Movant Womack did not file an appeal of his sentence. His conviction became a final judgment on November 10, 2003. Within one year of his conviction, movant filed this §2255 motion. Movant alleges that his sentence was imposed in violation of the United States Constitution and that he received ineffective assistance of counsel.

II. Discussion

A. Womack's Sentencing Claims Are Procedurally Barred

Movant Womack claims that he was improperly sentenced because a jury did not find facts which affected the application of the Sentencing Guidelines to his case. Womack alleges that he did not admit that he was a career offender or that the offense involved between 20 and 35 grams of methamphetamine (actual). Womack relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004).

Womack failed to raise this argument in a direct appeal. Therefore, his claim is procedurally barred. Even if movant Womack's claim was properly before this Court, the claim fails on its merits. Womack did admit that he was a "career offender" in the Plea Agreement. He also admitted that the amount of methamphetamine involved in his offense was "at least 20 grams but less than 35 grams . . . ."

After movant filed his §2255 motion, the United States Supreme Court issued its decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The United States Supreme Court held that the federal Sentencing Guidelines are not mandatory, but "effectively advisory." Id. District courts were directed to consult and take into account the Guidelines when sentencing. Id. Booker applies only to cases on direct review as of January 12, 2005. Id. The decision is not retroactive. Guzman v. United States, 404 F.3d 139 (2nd Cir.

3

2005); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, movant's claim must be denied.

B. Womack Received Effective Assistance of Counsel

Movant contends that he received ineffective assistance of counsel because if his attorney had foreseen that the United States Supreme Court would rule as it did in Blakely v. Washington, *supra*, he would not have pleaded guilty. In addition, Womack claims that his attorney should have forced the government to have a grand jury find probable cause that he is a "career offender."

A claim of ineffective assistance of counsel is a cognizable claim under 28 U.S.C. §2255. United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). In order to establish a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance will not be deficient if the performance was one of "reasonable effective assistance." Id.

Womack's counsel properly advised him regarding the calculation of his sentence. Counsel is not expected to anticipate future changes in the law. Johnson v. Armontrout, 923 F.2d 107, 108 (8th Cir. 1991). In addition, Womack had no right to be indicted as a "career offender."

III. Conclusion

For the reasons stated above, it is hereby

ORDERED that movant Orville L. Womack's Motion to Vacate, Set Aside, or Correct

4

Sentence Pursuant to 28 U.S.C. §2255 (Doc. #1) is denied.  It is further

ORDERED that movant is denied a Certificate of Appealability.

                    /s/Scott O. Wright
                    SCOTT O. WRIGHT
                    Senior United States District Judge

Dated: 6-2-05